THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY NOLD et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:19-CV-32-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This case is a *pro se* prisoner civil-rights action brought under 42 U.S.C. Sections 1983 and 1985.  Having screened Plaintiff's Second Amended Complaint as required by 28 U.S.C. § 1915A, the Court orders Plaintiff to file a third amended complaint to cure deficiencies before he may further pursue his claims.

## SECOND AMENDED COMPLAINT'S DEFICIENCIES

The court has identified the following deficiencies in Plaintiff's Second Amended Complaint, which will be explained in greater detail below. The Second Amended Complaint:

(a) is not on form complaint required by Court;

(b) appears to improperly name prosecutors as defendants without considering prosecutorial immunity;

(c) appears to improperly name expert witnesses as defendants without considering their immunity;

(d) does not appear to affirmatively link the named defendants with potential claims of failure to protect from assault by other inmates or potential claims arising out of other conditions of confinement;

(e)     appears to reflect the misunderstanding that the termination of "Plaintiff's sentence after doing approx. 300 days," Dkt. No. 36 at 10, does not without more establish that Plaintiff's conviction was wrongful;

(f)     seeks compensation from the Ogden City Police Department and from Weber County, even though (i) those entities are not named as defendants, (ii) the Ogden City Police Department is not amenable to suit because "Police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality," *Burnett v. Reno Cty. Comm'n*, No. 18-3160-SAC, 2019 U.S. Dist. LEXIS 32844, at *6 (D. Kan. Mar. 1, 2019) (quotation marks and citations omitted), and (iii) local-government entities, such as Weber County, may be held liable under Section 1983 only if the Plaintiff shows an existing municipal custom or policy and a direct causal link between that custom or policy and the violation for which he or she seeks redress, *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996);

(g)     possibly asserts claims challenging the validity of his conviction that must be raised in a petition for habeas corpus and may not be raised in a Section 1983 action;

(h)     asserts claims that may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);

(i)     asserts claims that appear to challenge the conditions of his confinement but appear to be drafted without the assistance of the prison's contract attorney.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his

2

alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

1. The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without first moving for amendment pursuant to Federal Rule of Civil Procedure 15.

2. The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating that the personal participation of each named defendant is an essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged violations occurred.

3. Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519

F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565 n.10 (2007)]. Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'").

    4. Plaintiff may not name individuals as defendants based solely on their holding a supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

    5. The denial of a grievance, alone, with no connection to the "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

    6. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Prosecutorial Immunity**

    Prosecutors acting within the scope of their duties enjoy absolute immunity from suit under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). The prosecutors' acts, as alleged by Plaintiff, apparently relate to advocacy before the court. These possible defendants—*i.e.*, Flint and Toombs—therefore appear entitled to absolute prosecutorial immunity from this lawsuit.

### • Expert-Witness Immunity

Like absolute immunity for prosecutors whose actions are intertwined with the judicial process, "[t]he immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings is well established in the common law." *Spielman v. Hildebrand*, 873 F.2d 1182, 1382 (10th Cir. 2010). Immunity of testifying witnesses is "supported by the public policy of preserving the truthfinding process from distortions caused by fear of suit." *Id.* Plaintiff's claims against Defendants Jacobson, Smith, and Smullen appear to center on their testimony, which he contends was based on falsified information. *See* Dkt. No. 36 at 10. This contention reflects a basic misunderstanding of the well-established immunity for testifying witnesses: Witnesses are absolutely immune from civil liability arising from their testimony during judicial proceedings "even if the witness knew the statements were false and made them with malice." *Briscoe v. LaHue*, 460 U.S. 325, 332 (1983).

### • Affirmative Link

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had

> different powers and duties and took different actions with respect to [plaintiff]"—"wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### • *Heck v. Humphrey*

Plaintiff's claims appear to include some allegations that if true might invalidate his conviction or sentence. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that his constitutional rights were breached in a way that may call into question his very imprisonment. *Heck* requires that, if a plaintiff requests damages under Section 1983, the court must decide whether a judgment for the plaintiff would necessarily imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears that this may be the case for some

of Plaintiff's claims. Such claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened, which may result in the dismissal of these claims.

## ORDER

**IT IS HEREBY ORDERED** that:

1. If Plaintiff wishes to further pursue his claims, he must cure the deficiencies identified above within thirty days by filing a document entitled "Third Amended Complaint" that does not refer to or include any other document.

2. The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint that Plaintiff must use if he chooses to file an amended complaint.

3. If Plaintiff fails to timely cure the deficiencies identified above as instructed in this order, this action will be dismissed without further notice.

4. Plaintiff shall not try to serve the Third Amended Complaint on any of the Defendants; instead, the court will perform its statutory screening function and determine first whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). All defendants and claims should be included in a third amended complaint, if filed, and will not be considered further by the court unless properly included. This is the second and **FINAL** order allowing Plaintiff to cure deficiencies. If a Third Amended Complaint is filed, the Court will screen it for dismissal or service of process.

DATED this 31st day of January, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge