THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY NOLD, ET AL.,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:19-cv-32<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff initiated this Section 1983 action on January 29, 2019. *See* Dkt. No. 1. The court granted him leave to proceed *in forma pauperis* the same day. *See* Dkt. No. 5. A few months later, Plaintiff sought leave to file an amended complaint to add additional defendants. *See* Dkt. No. 30 at 1. On July 20, 2020, the court granted leave, screened the amended complaint, found it deficient, and ordered Plaintiff to file a second amended complaint curing the deficiencies identified by the court. *See* Dkt. No. 33 at 1.

After Plaintiff filed his second amended complaint, the court screened the complaint, found it deficient and, on January 31, 2022, issued an order identifying further deficiencies and ordering Plaintiff to "cure the deficiencies identified . . . within thirty days by filing a document entitled 'Third Amended Complaint' that does not refer to or include any other document." Dkt. No. 40 at 7. The court warned that "[i]f Plaintiff fails to timely cure the deficiencies identified . . . as instructed in this order, this action will be dismissed without further notice." *Id.* Plaintiff did not comply with this order or respond in any way.

On March 28, 2022, the court issued an order requiring that "[n]o later than April 28, 2022, Plaintiff shall file a brief showing cause why this action should not be dismissed for failure

to comply with the court's order to cure the deficiencies identified in the court's January 31 order by filing a Third Amended complaint." Dkt. No. 41 at 1. The court again warned that failure to timely respond or comply with the court's order would result in dismissal of this action "without further notice for failure to prosecute." Dkt. No. 42 at 2. Plaintiff again failed to respond in any way.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an

order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff has disregarded both the court's order to cure the deficiencies identified in his Second Amended Complaint and its order to show cause why this action should not be dismissed for his failure to comply with court orders. And he has done so despite explicit warnings that failure to comply with the court's orders would result in dismissal of this action.

In light of these actions, the court finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 1st day of June, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Because dismissal here is without prejudice, the court need not—and does not—consider these factors.