THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY NOLD et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-CV-32 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On June 1, 2022, the court dismissed this action because Plaintiff failed to prosecute his case, comply with court orders, and show good cause why this action should not be dismissed. *See* Dkt. No. 42. Specifically, Plaintiff did not comply with a court order requiring him to file a third amended complaint and another court order to show cause why the action should not be dismissed because he did not respond to the court's first order. *See* Dkt. Nos. 40–42.

On June 13, 2022, Plaintiff filed a motion to set aside the court's judgment under Federal Rule of Civil Procedure 59(e) and a motion for a preliminary injunction. *See* Dkt. Nos. 45–46. In his motions, he represents that he did not receive the court's order requiring him to file an amended complaint and that prison mailroom employees have been withholding or throwing away his mail. *See id.* He accordingly seeks relief from the court's judgment dismissing the action, *see* Dkt. No. 45 at 2, and asks the court to issue a preliminary injunction ordering the Utah Dept. Of Corrections mailroom officials to deliver his mail to him and to stop withholding or throwing away his legal and personal mail, *see* Dkt. No. 46 at 3.

1

In light of his representation that he did not receive the court's January 31, 2022 order, Plaintiff will be given another opportunity to file a third amended complaint that complies with that order, which is attached to this order for his convenience. If Plaintiff fails to do so within 45 days from the entry of this order, the court will deny Plaintiff's motion to set aside the judgment and this action will remain closed.

Plaintiff's motion for a preliminary injunction is denied for the following reasons. First, during the period Plaintiff maintains that his mail was disrupted, the court has received multiple filings from Plaintiff in other actions pending in this district, and several of those filings refer to documents the court has sent to Plaintiff. *See Herrera v. Cochran*, No. 4:22-CV-12-DN, Dkt. Nos. 1–20 (D. Utah Mar. 7, 2022); *Herrera v. Hadfield*, No. 1:21-CV-95-RJS, Dkt. Nos. 35–38 (D. Utah June 30, 2021); *Herrera v. Johnson*, No. 1:21-CV-89-TC, Dkt. No. 30–31 (D. Utah June 14, 2021); *Herrera v. Herbert*, No. 4:19-CV-46-DN, Dkt. No. 49–55 (D. Utah June 7, 2019); *Herrera v. Wilson*, No. 2:19-CV-373-TS, Dkt. Nos. 70–74 (D. Utah May 28, 2019). It thus does not appear that there has been a systematic failure to deliver mail to Plaintiff warranting the extraordinary relief that Plaintiff seeks. *See Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) ("Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.").

Second, Plaintiff's second proposed amended complaint does not assert any claims related to the disruption of his mail, and it thus does not appear that a preliminary injunction would be appropriate here. *See* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2948.3 (3d ed.) ("The very purpose of an injunction under Rule 65(a) is to give temporary relief based on a preliminary estimate of the strength of plaintiff's suit.")

IT IS THEREFORE ORDERED THAT:

1. Within 45 days of the entry of this order, Plaintiff shall file a third amended complaint that complies with the court's January 31, 2022 order. Failure to do so will result in the denial of Plaintiff's motion to set aside the judgment.

2. Plaintiff's motion for a preliminary injunction is DENIED.

DATED this 16th day of December, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge